UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| ANTHONY FERRO, } | | |
| ON BEHALF OF HIMSELF AND } | | |
| ALL OTHERS SIMILIARLY SITUATED, } | | |
| } | | |
| Plaintiff, } | Civil Action, File No. | |
| v } | | |
| } | | |
| ALLIED INTERSTATE, LLC, IQOR US, INC., } | | |
| AND SYNCHRONY BANK, } | | |
| } | | |
| Defendants. } | | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Anthony Ferro [hereinafter "Ferro"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Allied Interstate, LLC [hereinafter "AI"], IQor US, Inc. [hereinafter "IU"], and Synchrony Bank [hereinafter "Synchrony"] and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on AI possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Ferro is a natural person who resides at 1801 Gerritsen Avenue, Brooklyn, NY 11229.

6. Ferro is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about January 2, 2017, Ferro received the letter annexed as Exhibit A. Ferro received and read Exhibit A. For the reasons set forth below, Ferro's receipt and reading of Exhibit A deprived Ferro of him rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Exhibit A was sent to Ferro in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a CareCredit brand credit card account by Synchrony Bank for his individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. A CareCredit brand credit card account issued by Synchrony Bank is a credit card account issued to consumers for them to use for personal, family or household purposes. Exhibit A was an attempt to collect this past due debt from Ferro in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. AI is a Minnesota Domestic Limited Liability Company and a New York Foreign Limited Liability Company.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

12. AI possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

13. Based upon Exhibit A, including but not limited to Exhibit A referring to AI as a collection agency, and upon AI possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of AI is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, AI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. IU is a Delaware Business Corporation and a New York Foreign Business Corporation.

16. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies".  See 1 USC 1.

17. Upon information and belief based upon the above allegations, IU directs and/or requires and/or allows IU's wholly owned "debt collectors" subsidiaries such as AI to carry out collection efforts on IU's behalf and for the sole benefit of IU; IU always possesses the

beneficial interests in the collection accounts which IU's wholly owned "debt collectors" such as AI attempt to collect.

18. Based on the above, the principal purpose of IU is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

19. Based on the above, IU is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-19 of this Complaint.

21. All the actions alleged in this Complaint taken by AI were taken by AI as the "debt collector" and/or agent for the "debt collector" IU and/or for the benefit of the "debt collector" IU.

22. Upon information and belief, IU created, substantially participated in the creation of, or approved the work standards, directives, and/or guidelines which contained instructions, controls, and rules governing the steps AI could and could not take to attempt to collect debts including the contents of collection letters such as Exhibit A.

23. Based on one or more of the allegations in this Complaint, IU is vicariously liable for the actions of AI.

24. Exhibit A was sent to collect a debt owed to Synchrony.

25. Upon information and belief, either AI or Sychrony sent Exhibit A to Ferro, allowed Exhibit A to be sent to Ferro, and/or knew Exhibit A was being sent to Ferro.

26. As a result of Exhibit A being sent to Ferro, Defendants violated 15 U.S.C. § 1692e.

## SECOND CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-19 of this Complaint.

28. All the actions alleged in this Complaint taken by AI were taken by AI as the "debt collector" and/or agent for the "debt collector" IU and/or for the benefit of the "debt collector" IU.

29. Upon information and belief, IU created, substantially participated in the creation of, or approved the work standards, directives, and/or guidelines which contained instructions, controls, and rules governing the steps AI could and could not take to attempt to collect debts including the contents of collection letters such as Exhibit A.

30. Based on one or more of the allegations in this Complaint, IU is vicariously liable for the actions of AI.

31. Exhibit A was sent to collect a debt owed to Synchrony.

32. Upon information and belief, either AI or Sychrony sent Exhibit A to Ferro, allowed Exhibit A to be sent to Ferro, and/or knew Exhibit A was being sent to Ferro.

33. As a result of Exhibit A being sent to Ferro, Defendants violated 15 U.S.C. § 1692e(9).

## THIRD CAUSE OF ACTION-CLASS CLAIM

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-19 of this Complaint.

35. All the actions alleged in this Complaint taken by AI were taken by AI as the "debt collector" and/or agent for the "debt collector" IU and/or for the benefit of the "debt collector" IU.

36. Upon information and belief, IU created, substantially participated in the creation of, or approved the work standards, directives, and/or guidelines which contained instructions, controls, and rules governing the steps AI could and could not take to attempt to collect debts including the contents of collection letters such as Exhibit A.

37. Based on one or more of the allegations in this Complaint, IU is vicariously liable for the actions of AI.

38. Exhibit A was sent to collect a debt owed to Synchrony.

39. Upon information and belief, either AI or Sychrony sent Exhibit A to Ferro, allowed Exhibit A to be sent to Ferro, and/or knew Exhibit A was being sent to Ferro.

40. As a result of Exhibit A being sent to Ferro, Defendants violated 15 U.S.C. § 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

41. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-19 of this Complaint.

42. All the actions alleged in this Complaint taken by AI were taken by AI as the "debt collector" and/or agent for the "debt collector" IU and/or for the benefit of the "debt collector" IU.

43. Upon information and belief, IU created, substantially participated in the creation of, or approved the work standards, directives, and/or guidelines which contained instructions, controls, and rules governing the steps AI could and could not take to attempt to collect debts including the contents of collection letters such as Exhibit A.

44. Based on one or more of the allegations in this Complaint, IU is vicariously liable for the actions of AI.

45. Exhibit A was sent to collect a debt owed to Synchrony.

46. Upon information and belief, either AI or Sychrony sent Exhibit A to Ferro, allowed Exhibit A to be sent to Ferro, and/or knew Exhibit A was being sent to Ferro.

47. As a result of Exhibit A being sent to Ferro, Defendants violated 15 U.S.C. § 1692e(11).

### FIFTH CAUSE OF ACTION-CLASS CLAIM

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-19 of this Complaint.

49. All the actions alleged in this Complaint taken by AI were taken by AI as the "debt collector" and/or agent for the "debt collector" IU and/or for the benefit of the "debt collector" IU.

50. Upon information and belief, IU created, substantially participated in the creation of, or approved the work standards, directives, and/or guidelines which contained instructions, controls, and rules governing the steps AI could and could not take to attempt to collect debts including the contents of collection letters such as Exhibit A.

51. Based on one or more of the allegations in this Complaint, IU is vicariously liable for the actions of AI.

52. Exhibit A was sent to collect a debt owed to Synchrony.

53. Upon information and belief, either AI or Sychrony sent Exhibit A to Ferro, allowed Exhibit A to be sent to Ferro, and/or knew Exhibit A was being sent to Ferro.

54. As a result of Exhibit A being sent to Ferro, Defendants violated 15 U.S.C. § 1692e(14).

### SIXTH CAUSE OF ACTION-CLASS CLAIM

55. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-19 of this Complaint.

56. All the actions alleged in this Complaint taken by AI were taken by AI as the "debt

collector" and/or agent for the "debt collector" IU and/or for the benefit of the "debt collector" IU.

57. Upon information and belief, IU created, substantially participated in the creation of, or approved the work standards, directives, and/or guidelines which contained instructions, controls, and rules governing the steps AI could and could not take to attempt to collect debts including the contents of collection letters such as Exhibit A.

58. Based on one or more of the allegations in this Complaint, IU is vicariously liable for the actions of AI.

59. Exhibit A was sent to collect a debt owed to Synchrony.

60. Upon information and belief, either AI or Sychrony sent Exhibit A to Ferro, allowed Exhibit A to be sent to Ferro, and/or knew Exhibit A was being sent to Ferro.

61. As a result of Exhibit A being sent to Ferro, Defendants violated 15 U.S.C. § 1692g.

## SEVENTH CAUSE OF ACTION-CLASS CLAIM

62. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-19 of this Complaint.

63. All the actions alleged in this Complaint taken by AI were taken by AI as the "debt collector" and/or agent for the "debt collector" IU and/or for the benefit of the "debt collector" IU.

64. Upon information and belief, IU created, substantially participated in the creation of, or approved the work standards, directives, and/or guidelines which contained instructions, controls, and rules governing the steps AI could and could not take to attempt to collect debts including the contents of collection letters such as Exhibit A.

65. Based on one or more of the allegations in this Complaint, IU is vicariously liable for the

actions of AI.

66. Exhibit A was sent to collect a debt owed to Synchrony.

67. Upon information and belief, either AI or Sychrony sent Exhibit A to Ferro, allowed Exhibit A to be sent to Ferro, and/or knew Exhibit A was being sent to Ferro.

68. As a result of Exhibit A being sent to Ferro, Defendants violated NY GBL 349.

## CLASS ALLEGATIONS

69. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

70. The classes consist of (a) all natural persons (b) who received a letter dated between January 2, 2017 and January 2, 2018 to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A.

71. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

72. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

73. The predominant common question is whether Defendant's letters violate the FDCPA.

74. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

75. A class action is the superior means of adjudicating this dispute.

76. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory

    damages, and costs and attorney's fees; and

  2. Any and all other relief deemed just and warranted by this court.

Dated:   January 3, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107